**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ZAO ODESSKY KONJATSCHNYI ZAWOD, a Ukrainian corporation,<br><br>            Plaintiff,<br>v.<br><br>SIA "BALTMARK INVEST," a Latvian corporation,<br><br>GLOBAL CLOSED JOINT STOCK COMPANY, a Russian closed joint-stock company, and<br><br>ZAO "GRUPPA PREDPRIYATIJ OST," a Russian closed joint-stock company,<br><br>            Defendants. | Civil Action No. 1:12-cv-515<br><br>Hon. James C. Cacheris<br>Hon. Ivan D. Davis |

**MEMORANDUM IN SUPPORT OF PLAINTIFF ZAO ODESSKY KONJATSCHNYI ZAWOD'S MOTION TO COMPEL PRODUCTION OF DISCOVERY**

Plaintiff ZAO Odessky Konjatschnyi Zawod, by and through its attorneys, moves this Court to compel Defendant SIA "Baltmark Invest" to produce documents responsive to Plaintiff's First Set of Document Requests Pursuant to Fed. R. Civ. P. 34 ("Document Requests"), attached hereto as Exhibit A, and respond to Plaintiff's First Set of Interrogatories Pursuant to Fed. R. Civ. P. 33 ("Interrogatories"), attached hereto as Exhibit B.  Documents and responses to Plaintiff's discovery requests were due on July 25, 2013 and, as of the date of this Motion.  Defendant has not produced a single documents or interrogatory response to the discovery requests.  Counsel for Plaintiff and Defendant conducted a meet and confer by telephone on July 31, 2013 and were unable to resolve this issue.  Accordingly, Plaintiff

requests that this Court order Defendant to produce responsive documents and responses to Plaintiff's discovery requests by no later than August 12, 2013.[1]

Additionally, Defendant has failed to confirm the availability of Ms. Elena Sorokina ("Sorokina") to be deposed by Plaintiff in Kiev, Ukraine on August 7, 2013. Exhibit C (Deposition Notice of Elena Sorokina). As a result, Plaintiff has been forced to cancel arrangements to hold the deposition in Kiev, Ukraine on August 7 and, in light of impending close of discovery on August 9, 2013, Plaintiff now requests this Court to extend the discovery deadline until August 22, 2013, for the sole purpose of allowing Plaintiff the opportunity to depose Sorokina. Plaintiff seeks this extension solely because of Defendant's delay; should the Court not grant this extension (which is necessary solely because of Defendant's delay), Plaintiff will pursue another motion for default due to Defendant's failure to comply with its discovery obligations.[2]

## I. INTRODUCTION

**Discovery Requests**

Plaintiff served its Requests for Production and Interrogatories on June 25, 2013. *See* Exhibit A at 17; Exhibit B at 13. On July 10, 2013, Defendant served its objections to Plaintiff's discovery requests. Exhibit D (Defendant's Objections to Document Requests);

---

[1] Although Plaintiff's would prefer that Defendant be ordered to respond to Plaintiff's discovery requests prior to August 12, 2013, given that that earliest this Court can hear this Motion is August 9, 2013, Plaintiff selected the next business day after the hearing as the date by which Defendant should be ordered to comply with its discovery obligations.

[2] Plaintiff previously filed a motion for default judgment as a result of Defendant's failure to appear in this matter. *See* Plaintiff's Motion for Default Judgment [Dkt. No. 62]. That motion was denied because Defendant appeared at the last minute, explained that it had been unaware of the Court's deadlines, and declared that it was ready to abide by the orders and rules of this Court. *See* Exhibit B to Defendant's Opposition to Motion for Entry of Default Judgment (Declaration of Elena Sorokina) [Dkt. No. 65-2]. Now, Defendant once again disregards this Court's deadlines and delays this proceeding.

Exhibit E (Defendant's Objections to Interrogatories).[3] On July 29, 2013, Plaintiff contacted Defendant to inquire when Plaintiff could expect to receive Defendant's document production and interrogatory responses, which at that point were already overdue. Exhibit H (Letter from F. Kofman to A. Davis & T. Appler dated July 29, 2013). On July 30, 2013, Defendant's counsel represented that he was "working on getting documents and interrogatory responses from the client." Exhibit I (Letter from B. Gaynor to F. Kofman dated July 29, 2013). Counsel conducted a meet and confer by telephone on July 31, 2013, during which Defendant's counsel confirmed that he had not yet received any documents or responses to Plaintiff's discovery requests. On August 1, 2013, Defendant's counsel indicated that he had received some documents from his client and expected to begin "a rolling production of documents" on August 5, 2013. Exhibit J (Letter from B. Gaynor to F. Kofman dated August 1, 2013). Defendant's counsel did not indicate when or if Defendant would produce interrogatory responses. *See Id*.

Notwithstanding these assurances, as of the date of this Motion, 8 days after Defendant's discovery responses were due, Plaintiff still has not received a single document or interrogatory responses its discovery requests.

**30(b)(1) Deposition Notice of Elena Sorokina**

On July 26, 2013, Plaintiff served notice of deposition pursuant to Fed. R. Civ. P. 30(b)(1) for Sorokina, sole owner and member of the Board of Directors of Baltmark, to be conducted on August 7, 2013 in Kiev, Ukraine. *See* Exhibit B to Defendant's Opposition to Motion for Entry of Default Judgment (Declaration of Elena Sorokina) [Dkt. No. 65-2] ¶ 1 ("I

---

[3] Subsequent to a meet and confer with Defendant regarding Defendant's objections to Plaintiff's discovery requests, Plaintiff clarified its discovery requests. *See* Exhibit F (Plaintiff's Clarified Document Requests); Exhibit G (Plaintiff's Clarified Interrogatories).

am the sole owner and a member of the Board of Directors of Defendant SIA "Baltmark Invest"). Along with the deposition notice, Plaintiff offered to make alternative arrangements if the date, time, or location of the deposition was inconvenient for Defendant or Sorokina. *See* Exhibit K (Letter from F. Kofman to A. Davis & T. Appler dated July 26, 2013) ("If the date/time/location designated in the deposition notice is problematic, please let us know and we can discuss potential alternative arrangements."). Having not heard back from Defendant regarding the deposition, on July 29, 2013 Plaintiff's counsel again contacted Defendant to confirm the August 7 deposition. *See* Exhibit H. Defendant's counsel responded that he was working on getting dates of availability of Sorokina. *See* Exhibit I. During parties' meet and confer by telephone on July 31, 2013, Defendant's counsel indicated that he had still not heard back from Sorokina regarding the deposition date. As of the date of this Motion, Defendant have not confirmed Sorokina's availability for the August 7 deposition. As a result, coupled with Defendant's failure to produce documents and interrogatory responses, Plaintiff has been forced to cancel preparations for the August 7 deposition in Kiev, due to the extensive lead time necessary to conduct a deposition in Ukraine (which includes, among other things, flying a court reporter in from the United Kingdom).

## II. ARGUMENT

### A. Requests for Production and Interrogatories

Once again, and contrary to Sorokina's prior assurances, Defendant has disregarded its obligations to fully participate in this proceeding. *See* Exhibit B to Defendant's Opposition to Motion for Entry of Default Judgment (Declaration of Elena Sorokina) [Dkt. No. 65-2] ¶¶ 29-30 ("I have been advised now of the consequences of not meeting deadlines before this Court . . . We are prepared to be fully engaged and meet all of the Court's deadlines to defend this

action . . ."). By virtue of Defendant's failure to timely respond to Plaintiff's discovery requests, Plaintiff must now request that this Court order Defendant to produce documents responsive to Plaintiff's Requests for Production and to respond to Plaintiff's Interrogatories.

With the impending close of discovery on August 9, 2013, it is inexcusable for Defendant to have failed to observe its discovery obligations. Rule 16(B) Scheduling Order (Dkt. No. 77) at ¶ 1 ("All discovery shall be concluded by August 9, 2013). This failure has already prejudiced Plaintiff's ability to prepare for Sorokina's deposition, and has the potential to prejudice Plaintiff's ability to prepare for the final pre-trial conference. Although Defendant has indicated that a "rolling production" will begin on August 5, 2013, given the compressed discovery schedule in this matter, Plaintiff cannot afford to wait while Defendant complies with its discovery obligations at its leisure. Accordingly, Plaintiff requests that this Court order Defendant to produce all documents responsive to Plaintiff's Requests for Production and to respond to Plaintiff's Interrogatories by no later than August 12, 2013.

      **B.**     **Deposition of Sorokina**

As of the date of this Motion, Defendant has not confirmed Sorokina's availability to be deposed in Kiev, Ukraine on August 7, nor proposed alternative arrangements for Sorokina's deposition. As the managing agent and member of the Board of Directors of Defendant, Plaintiff may depose Sorokina pursuant to Fed. R. Civ. P. 30(b)(1). <u>Exhibit B</u> to Defendant's Opposition to Motion for Entry of Default Judgment (Declaration of Elena Sorokina) [Dkt. No. 65-2] ¶ 1 ("I am the sole owner and a member of the Board of Directors of Defendant SIA "Baltmark Invest"); *E.I. DuPont de Nemours & Co. v. Kolon Indus.,* 268 F.R.D. 45, 48 (E.D. Va. 2010) (an examining party may select an officer, director, or managing agent of an entity to be deposed). Sorokina's deposition is necessary for Plaintiff because she has relevant

information regarding (1) Defendant's production of, distribution of, and plans to distribute alcohol products under the SHUSTOV trademark; (2) Defendant's acquisition of the SHUSTOV trademark; and (3) the activities of Defendant Global Closed Joint Stock Company and Defendant ZAO Gruppa Prepriyatij OST (from whom Defendant acquired the SHUSTOV trademark) with regard to the SHUSTOV trademark, among a litany of other issues related to this case. *See* Exhibit B to Defendant's Opposition to Motion for Entry of Default Judgment (Declaration of Elena Sorokina) [Dkt. No. 65-2] ¶ 7 ("I was a member of the Board of Directors and worked for OST for many years"). Sorokina's central importance to this case is evidenced by Defendant's reliance on Sorokina's declaration in its opposition to Plaintiff's motion for default judgment. *See Id.*

Plaintiff proposed Kiev, Ukraine as the deposition site because, upon information and belief, Sorokina resides in Russia and, under Russian law, depositions related to U.S. court proceedings may not be conducted in Russia. *See Symantec Corp. v. Acronis, Inc.*, 2013 U.S. Dist. LEXIS 17505 (N.D. Cal. Feb. 8, 2013) (noting that witnesses located in Russia cannot be deposed in Russia due to Russian law). Kiev is a convenient alternative location for Sorokina, because of Ukraine's proximity to Russia, and for Plaintiff's and Defendant's U.S.-based counsel, as Ukraine does not require entrance visas for U.S. citizens. *Compare* Exhibit L (Information Regarding Travel to Russia from the State Department) at 4 ("To enter Russia for any purpose . . . you must possess . . . a visa issued by a Russian embassy or consulate. You cannot obtain a visa upon arrival, so you must apply for your visa well in advance.") *with* Exhibit M (Information Regarding Travel to Ukraine from the State Department) at 2 ("If you are a U.S. citizen, you do not need to have a Ukrainian visa" so long as you are not staying in Ukraine for more than 90 days). If Kiev was not convenient for Sorokina, Plantiff's counsel

was more than willing to consider alternative arrangements. However, as of the date of this Motion, Defendant has not confirmed Sorokina's availability to be deposed at all. Coupled with Defendant's failure to timely produce responsive documents and responses to Plaintiff's discovery requests, Plaintiff has been forced to cancel preparations the August 7 deposition.

Even should Defendant confirm Sorokina's deposition availability and produce all responsive documents and answers to Interrogatories on August 5, 2013, this would not leave Plaintiff with adequate time to review the production (much of which is likely to be Russian and would have to be translated), and make arrangements for a deposition, especially one conducted abroad, prior to the close of discovery on August 9, 2013. Accordingly, Plaintiff has no choice but to request that this Court extend close of discovery until August 22, 2013, for the sole purpose of allowing Plaintiff to depose Sorokina.

### C. Request Award of Attorneys' Fees

Pursuant to Fed. R. Civ. P 37, a Court may impose sanctions upon the party failing to comply with the discovery process. "[I]t is clear that dismissal and the imposition of monetary sanctions are appropriate remedies available under Rule 37 for a party's blatant and continuing failure to obey rules governing discovery and orders of the district court." *Graves v. Indus. Power Generating Corp.*, 2010 U.S. Dist. LEXIS 72960 (E.D. Va. July 20, 2010) (*quoting Ingram v. Family Dollar Stores of Ala., Inc.*, No. 3:06cv528-C, 2007 U.S. Dist. LEXIS 42735, at *2 (W.D.N.C. June 11, 2007)).

Defendant has provided no reasonable excuse for its failure to timely produce documents and answers to Plaintiff's discovery requests and its failure to confirm the Sorokina's availability to be deposed. Given that Defendant already twice disregarded the orders of this Court and has been warned of the potential consequences associated with

disregarding this Court's orders, Defendant's behavior is troubling. *See* Order dated February 27, 2013 [Dkt. No. 51] (Defendant failed appear through an attorney by March 15, 2013); Order dated April 1, 2013 [Dkt. No. 58] (Defendant failed to appear on April 8, 2013 at a show cause hearing) ("Defendant is cautioned that this Court's Orders are not suggestions to be followed at its discretion, but directions that shall be followed if Defendant does not want to face sanction, such as monetary fines or default judgment"). As a result of Defendant's disregard for its discovery obligations, Plaintiff has been forced to incur the considerable expense associated with this Motion. Accordingly, Plaintiff requests that this Court award Plaintiff attorneys' fees from Defendant associated with this Motion.

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court order Defendant to produce responsive documents and respond to Plaintiff's interrogatories by no later than August 12, 2013 and to extend close of discovery to August 22, 2013, for the sole purpose of allowing Plaintiff to depose Sorokina.

Respectfully submitted,

Dated: August 2, 2013

*/s/ Filipp Kofman*
Filipp Kofman (VA Bar No. 82302)
fk@legal-counsels.com
Kevin R. Garden (VA Bar No. 30244)
kg@legal-counsels.com
International Legal Counsels PC
901 N. Pitt St., Suite 325
Alexandria, VA 22314
Telephone: (703) 535-5565
Fax: (202) 318-0723

*Attorneys for Plaintiff ZAO Odessky Konjatschnyi Zawod*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 2, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| **Thomas Leo Appler** | **Andrew Clark Hall** |
|---|---|
| Wilson Elser Moskowitz Edelman & Dicker LLP | Wilson Elser Moskowitz Edelman & Dicker LLP |
| 8444 Westpark Dr., Suite 510 | 8444 Westpark Dr., Suite 510 |
| McLean, VA 22102 | McLean, VA 22102 |
| (703) 245-9300 | 703-245-9300 |
| Email: Thomas.Appler@wilsonelser.com | Fax: 703-245-9301 |
| | Email: andrew.hall@wilsonelser.com |

Respectfully submitted,

*/s/ Filipp Kofman*
Filipp Kofman (VA Bar No. 82302)
fk@legal-counsels.com
Kevin R. Garden (VA Bar No. 30244)
kg@legal-counsels.com
International Legal Counsels PC
901 N. Pitt St., Suite 325
Alexandria, VA 22314
Telephone: (703) 535-5565
Fax: (202) 318-0723

*Attorneys for Plaintiff ZAO Odessky Konjatschnyi Zawod*