**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

|  |  |
|---|---|
| ZAO ODESSKY KONJATSCHNYI ZAWOD, a Ukrainian corporation,<br><br>                              Plaintiff,<br><br>vs.<br><br>SIA "BALTMARK INVEST," a Latvian corporation,<br><br>GLOBAL CLOSED JOINT STOCK COMPANY, a Russian closed joint-stock company, and<br><br>ZAO "GRUPPA PREDPRIYATIJ OST," a Russian closed joint-stock company,<br><br>                              Defendants. | District Judge James C. Cacheris<br>Magistrate Judge Ivan D. Davis<br><br><br>Civil Action No.: 1:12-cv-515 |

## MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DISCOVERY

Defendant SIA "Baltmark Invest," (hereafter "Baltmark"), hereby opposes Plaintiff's Motion To Compel Production Of Discovery, and states as follows:

This is an appeal from a matter that was fully litigated and a decision rendered by the Trademark Trial and Appeal Board.  Other than a short extension of the discovery period to complete one deposition, none of the relief requested by Plaintiff should be granted as Baltmark has diligently engaged in the discovery process and met its obligations.

Plaintiff served its Requests for Production and Interrogatories on June 25, 2013.  On July 10, 2013, Defendant timely served its objections to Plaintiff's discovery requests and

engaged in meet and confer with Plaintiff's counsel to resolve issues concerning the objections. On July 30, 2013, Defendant's counsel responded to Plaintiff's counsel's inquiry as to the status of Baltmark's document production, and Plaintiff's counsel was advised that Baltmark was working diligently to produce documents as soon as practicable.  Counsel conducted another meet and confer on July 31, 2013, during which Baltmark's counsel confirmed that we had not yet received documents or complete responses to Plaintiff's discovery requests, but was still working diligently to produce documents and provide interrogatory responses as quickly as possible.

On August 1, 2013, Defendant's counsel indicated that documents were received and expected to begin "a rolling production of documents" on August 5, 2013.  After receiving documents and other information from Baltmark starting the week of August 5, same was immediately reviewed and produced to Plaintiff by email on August 9, 2013, the date for the close of discovery.  There is no outstanding written discovery and Baltmark has responded to all of Plaintiff's written requests during the discovery period.

To date, Plaintiff has not produced any discovery to Baltmark.  After having default vacated, Defendant then served one document demand on Plaintiff on July 12, 2013.  Plaintiff served its objections to Defendant's discovery requests on July 26, 2013.  Plaintiff's responses would have been due on Monday, August 12, 2013 –one business day after the close of discovery.  Plaintiff has refused to produce any documents stating that Defendant's requests were untimely.  As part of its objections, Plaintiff stated: "Under Rule 34(b) of the Federal Rules of Civil Procedure, a party has thirty (30) days to respond to requests for production, unless ordered otherwise by the court or agreed by the parties.  Accordingly, requests for production must be served at least thirty days prior to the completion of the discovery deadline . . . Given that

2

discovery closes on August 9, 2013, Plaintiff has not been provided with legally sufficient time to respond to Defendant's requests for production.  *See* Rule 16(B) Scheduling Order ("All discovery shall be concluded by August 9, 2013").   Accordingly, Defendant's requests for production are untimely."  To date, Plaintiff has continued its objection and refused to produce any documents to support its appeal.

On Friday, July 26, 2013, at 3:47 PM, Plaintiff served a notice of deposition for Elena Sorokina, sole owner and member of the Board of Directors of Baltmark, on August 7, 2013.  As Plaintiff notes in its motion, Ms. Sorokina is located in Russia, and depositions are not legally permitted there by the Russian government.  Without any prior notice or communication with Baltmark about scheduling or availability, Plaintiff noticed Ms. Sorokina's deposition in Kiev, Ukraine, where Ms. Sorokina neither resides nor conducts business, and which is a great distance and several countries away from Defendant's business location.

Despite the improper notice of deposition to take place in a foreign jurisdiction where the witness is not located, Defendant's counsel did not initially object to the notice, and instead advised Plaintiff's counsel on July 29 (one (1) business day after receipt of the notice) that we would attempt to coordinate the overseas deposition and immediately sought to determine availability for a deposition.  Pursuant to Plaintiff's counsel's request the parties held a meet and confer two (2) days later on July 31, 2013, Plaintiff was advised that Ms. Sorokina's availability for a deposition in the foreign jurisdiction had not been determined. Without Plaintiff offering any alternate proposals to complete the deposition, Plaintiff indicated their intent to immediately file this motion without further communication – and filed it on August 2, 2013.

As set forth above, Plaintiff did not provide reasonable notice with regard to the deposition of Elena Sorokina pursuant to Fed. R. Civ. Proc. 30(b)(1) ("A party who wants to

depose a person by oral questions must give reasonable written notice to every other party")[1] and the notice was defective given the requested location.  Nonetheless, Defendant's counsel conferred with Plaintiff's counsel several times, and has offered to produce Elena Sorokina for deposition by telephone in a mutually acceptable and convenient time to resolve this issue. Defendant also agreed to consent and stipulate to a short extension of the discovery period for the limited purpose of the deposition.

Given that Defendant has complied with its discovery obligations and produced documents and responses to interrogatories, and agreed to produce Elena Sorokina for deposition, Defendant requested that Plaintiff withdraw this motion.  Plaintiff's counsel refused to withdraw any portion of the motion, and maintains that they intend to continue to seek sanctions in the form of attorney's fees for their drafting and filing the motion.

Given the circumstances set forth above, Defendant opposes any request for sanctions or other relief.  Defendant has complied with its discovery obligations and worked diligently to do so.  In addition, Plaintiff opted to file its motion one (1) week after serving their notice of deposition, and despite Defendant's counsel's good faith assurances that they were doing everything in their power to comply with discovery requests.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court deny Plaintiff's Motion To Compel Production Of Discovery.

---

[1] Demanding a response to a notice of deposition one day after serving the notice, when said notice is for a deposition of a foreign party and is to take place in a foreign country where said party neither resides nor conducts business, and filing a Motion to Compel one week after serving the notice, is not "reasonable notice" under the Federal Rules or appropriate for sanctions.

Dated:  August 14, 2013

Respectfully submitted,

**SIA "Baltmark Invest"**
**By counsel**


/s/ Andrew C. Hall
Thomas L. Appler, Esquire (VSB #06346)
Andrew C. Hall, Esquire (VSB# 73001)
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER, LLP**
8444 Westpark Drive, Suite 510
McLean, Virginia  22102
703.245.9300
703.245.9301 (Facsimile)
Thomas.Appler@wilsonelser.com
Andrew.Hall@wilsonelser.com

and

/s/ Anthony J. Davis
Anthony J. Davis (Pro Hac Vice)
Brian M. Gaynor (Pro Hac Vice)
**Nicoll Davis & Spinella LLP**
95 Route 17 South
Paramus, New Jersey  07652
201.712.1616
201.712.9444 (Facsimile)
ADavis@ndslaw.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 14th day of August 2013, I electronically filed the foregoing using the CM/ECF system, which served a copy upon all counsel of record in this matter.

/s/ Andrew C. Hall
Thomas L. Appler, Esquire (VSB #06346)
Andrew C. Hall, Esquire (VSB# 73001)
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER, LLP**
8444 Westpark Drive, Suite 510
McLean, Virginia  22102
703.245.9300
703.245.9301 (Facsimile)
Thomas.Appler@wilsonelser.com
Andrew.Hall@wilsonelser.com

and

/s/ Anthony J. Davis
Anthony J. Davis (Pro Hac Vice)
Brian M. Gaynor (Pro Hac Vice)
**Nicoll Davis & Spinella LLP**
95 Route 17 South
Paramus, New Jersey  07652
201.712.1616
201.712.9444 (Facsimile)
ADavis@ndslaw.com

*Counsel for SIA "Baltmark Invest"*