## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **ZAO ODESSKY KONJATSCHNYI ZAWOD, a Ukrainian corporation,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.  1:12-cv-515** |
| **SIA "BALTMARK INVEST," a Latvian corporation,** | **Hon. James C. Cacheris** |
| | **Hon. Ivan D. Davis** |
| **GLOBAL CLOSED JOINT STOCK COMPANY, a Russian closed joint-stock company, and** | |
| **ZAO "GRUPPA PREDPRIYATIJ OST," a Russian closed joint-stock company,** | |
| **Defendants.** | |

### JOINT STIPULATION OF UNDISPUTED FACTS

Pursuant to this Court's Order of February 1, 2013 (ECF No. 46), set out below is the parties' written stipulation of uncontested facts.  Defendant's counsel has authorized Plaintiff's counsel to make these representations on its behalf.

1.     Plaintiff ZAO Odessky Konjatschnyi Zawod ("Odessky") is a Ukrainian corporation with it principal places of business located at 13 Melniskaja, Odessa, 65005 Ukraine.

2.     SIA "Baltmark Invest" ("Baltmark") is a Latvian corporation with its principal place of business located at 29-5 Skolas St., Riga, Latvia, LS 1048.

3.     Global Closed Joint Stock Company ("Global CJSC") is a Russian closed joint-stock company with its principal place of business located at 5 ippodromnaya St., Tambov, Russian Federation 392028.

4.     ZAO "Gruppa Predpriyatij Ost" ("OST") was a Russian closed joint-stock company with its principal place of business located at p. Chernogolovka, ul. Trety proyezd, d. 16, 142 432 Moskovskaya obl., Noginsky rayon, Russian Federation.

5.     On April 22, 2003, plaintiff Odessky filed U.S. Application Serial No. 78/240612 to register on the Principal Register the SHUSTOFF MARK, IN TYPED FORM, for alcoholic beverages (except beers); aperitifs; distilled liquors; spirits; wines; whisky; vodka; gin; cocktails; liqueurs; distilled beverages; bitters (schnapps and liqueurs); rum; liqueurs and spirits (digestives); alcoholic extracts.

6.     On December 12, 2002, OST filed a trademark application in the Russian Federation, Application No. 2002731063, to register the printed word "SHUSTOV" displayed on a bell-shaped design.

7.     The printed word "SHUSTOV" displayed on a bell-shaped design was registered to OST in the Russian Federation as Certificate No. 240948 on March 21, 2003, for use in connection with: alcoholic beverages; alcoholic beverages comprising fruits; spirits; honey drink; peppermint nastoyka; sake; rice spirit; gin; rum; bitter nastoyka; liqueurs; whiskey; brandy; aperitifs included in class 33; and vodka.

8.     On May 23, 2003, OST filed U.S.Application Serial No. 76/519958 based on its Russian registration and alleged an intent to use the mark in commerce, pursuant to Section 44(e) of the Lanham Act, 15 U.S.C. § 1126(d), on or in connection with: alcoholic beverages; alcoholic beverages comprising fruits; spirits; honey drink; peppermint nastoyka; sake; rice spirit; gin; rum; bitter nastoyka; liqueurs; whiskey; brandy; aperitifs; and vodka.

9.      Pursuant to Section 44(e), OST, through its duly authorized representatives, alleged in U.S. Application Serial No. 76/519958 that it had a bona fide intention to use the SHUSTOV mark in commerce in the United States on or in connection with alcoholic beverages; alcoholic beverages comprising fruits; spirits; honey drink; peppermint nastoyka; sake; rice spirit; gin; rum; bitter nastoyka; liqueurs; whiskey; brandy; aperitifs included in International Class 33; and vodka.

10.     OST, through its duly authorized representative, alleged in U.S. Application Serial No. 76/519958 that it knew of no other person, firm, corporation or association that had the right to use the SHUSTOV trademark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, to cause mistake or to deceive.

11.     In U.S. Application Serial No. 76/519958, OST, through its duly authorized representative, alleged that it believed it owned or was entitled to use the trademark consisting of the printed word "SHUSTOV" displayed on a bell-shaped design that it sought to register.

12.     In U.S. Application Serial No. 76/519958, OST, through its duly authorized representative, alleged that all statements made in OST's application were true, and that all statements made in OST's application made on information and belief were believed to be true.

13.     On March 19, 2004, OST amended its identification of goods in connection with which it had a bona fide intention to use the SHUSTOV mark to: alcoholic beverages, namely distilled spirits, distilled rice spirits, aperitif wines, alcoholic aperitif bitters, alcoholic honey drink, peppermint schnapps; alcoholic fruit-based beverages; sake; gin; rum; liqueurs; whiskey; brandy; vodka in International Class 33.

14.     On September 21, 2004, the printed word "SHUSTOV" displayed on a bell-shaped design was registered to OST as U.S. Registration No. 2,885,912 for use in commerce on or in connection with: alcoholic beverages, namely distilled spirits, distilled rice spirits,

3

aperitif wines, alcoholic aperitif bitters, alcoholic honey drink, peppermint schnapps; alcoholic fruit-based beverages; sake; gin; rum; liqueurs; whiskey; brandy; vodka, in Class 33.

15.     On June 9, 2004, Odessky received Notice from the U.S. Patent and Trademark Office that U.S. Application Serial No. 78/240612 would be published for opposition on June 29, 2004.

16.     On July 28, 2004, OST filed its Notice of Opposition, which was instituted as Opposition No. 91161570, to Odessky's registration of the SHUSTOFF trademark in U.S. Application Serial No. 78/240612 on the grounds of priority and likelihood of confusion with OST's then pending SHUSTOV mark and design in U.S. Application Serial No. 76/519958.

17.     U.S. Registration No. 2885912 issued to OST on September 21, 2004.

18.     On January 11, 2005, Odessky filed its answer to OST's Notice of Opposition and alleged, as its affirmative defenses, that OST acted in bad faith in registering the SHUSTOV mark.

19.     On October 6, 2006, OST moved for summary judgment in Opposition No. 91161570, alleging that it had established priority through its Russian registration of the SHUSTOV trademark, and that Odessky's registration of the SHUSTOFF trademark would cause a likelihood of confusion.

20.     On February 22, 2007, Odessky cross-moved for summary judgment that OST acted in bad faith in obtaining U.S. Registration No. 2885912 because OST did not own the SHUSTOV trademark.

21.     On April 15, 2008, the TTAB denied OST's motion for summary judgment and Odessky's cross-motion for summary judgment, citing disputed material facts in the record.

22.     On February 22, 2007, Odessky filed a Petition for Cancellation of U.S. Registration No. 2885912, which was instituted as Cancellation No. 92047126, alleging that OST acted in bad faith because it did not own the SHUSTOV mark, and that OST had

committed fraud in obtaining U.S. Registration No. 2885912 because it did not have a bona fide intent to use the SHUSTOV mark on any product except vodka.

23.     On November 9, 2007, Opposition No. 91161570 and Cancellation No. 92047126 were consolidated.

24.     On October 24, 2008, OST filed a motion to amend its Notice of Opposition to add ownership of U.S. Registration No. 2885912, which had issued on September 21, 2004.

25.     On December 18, 2008, the TTAB granted OST's motion to amend its Notice of Opposition to add ownership of U.S. Registration No. 2885912.

26.     On February 16, 2010, Odessky filed a motion to amend its answer/amended answer or counterclaim to allege that OST abandoned U.S. Registration No. 2885912 due to OST's nonuse of the SHUSTOV trademark, and in particular, OST's nonuse of the SHUSTOV trademark on any alcohol product other than vodka.

27.     On February 8, 2012, as part of its decision dismissing Odessky's petition for cancellation of U.S. Registration No. 2885912, and sustaining OST's opposition to U.S. Application Serial No. 78/240612 for registration of the SHUSTOFF mark, the TTAB denied Odessky's motion to amend its answer/amended answer or counterclaim to allege that OST abandoned U.S. Registration No. 2885912 due to OST's nonuse of the SHUSTOV trademark, ruling that Odessky did not promptly file its motion to amend to add its compulsory counterclaim for abandonment.

28.     On February 8, 2012, the TTAB issued a decision dismissing Odessky's petition for cancellation of U.S. Registration No. 2885912, and sustaining OST's opposition to U.S. Application Serial No. 78/240612 for registration of the SHUSTOFF mark.

29.     On April 11, 2012, an extension of the period of time to commence judicial review of Opposition No. 91161570 and Cancellation No. 92047126 was granted by the Office of the Solicitor of the U.S. Patent and Trademark Office.

30.     Odessky timely requested judicial review of the February 8, 2012, TTAB decision.

31.     On July 30, 2010, OST merged with ZAO "GEOCOM" and was recognized and registered with the Principal State Registration Number 1106829004743 on the Russian Federation Unified State Register of Legal Entities as Global Closed Joint Stock Company or Global CJSC.

32.     Once registered, to maintain U.S. Registration No. 2885912, OST was required to file between the fifth and sixth year after the registration a verified statement of ownership and continued use of U.S. Registration No. 2885912.

33.     On March 24, 2011, Registrant OST's Deputy Director, Elena Sorokina, submitted a Declaration of Use and Excusable Nonuse of Mark in Commerce under Section 8 for U.S. Registration No. 2885912.

34.     On April 13, 2011, upon receipt of OST's March 24, 2011, Declaration of Use and Excusable Nonuse, the USPTO issued an Office Action seeking, *inter alia*, information regarding the date of OST's last use of U.S. Registration No. 2885912, the steps being taken to resume use, and the approximate date when use was expected to resume.

35.     OST, through its duly authorized representative, responded to the Office Action on October 13, 2011, quoting OST's March 24, 2011, Declaration regarding its continuing efforts to use U.S. Registration No. 2885912, stating that the facts in support of excusable non-use: (1) U.S. litigation over Registrant's ownership of and right to use the mark which still continues and has been ongoing for the past 7 years; (2) the recent governmental shutdown of Registrant's manufacturing facilities due to new Russian government regulations; and (3) Registrant's continuing efforts despite these obstacles to make use of the mark in the United States on the goods listed in the registration.

36.     On October 19, 2011, the USPTO issued a Notice Of Acceptance Under Section 8, stating: "The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058.  The Section 8 declaration is accepted."

37.     On March 15, 2012, OST filed a new assignment conveying U.S. Registration No. 2885912 to Global CJSC, identifying the July 30, 2010, merger as the "Nature of the Conveyance," and attaching Principal State Registration Number 1106829004743.

38.     On March 15, 2012, the same date on which OST filed its assignment referred to above, Global CJSC filed a new assignment to convey U.S. Registration No. 2885912 to Baltmark, identifying an assignment of the entire interest and the goodwill of U.S. Registration No. 2885912 as the "Nature of the Conveyance," and attaching a March 12, 2012, assignment executed by Elena Ivanovna Sorokina.

39.     Ms. Sorokina executed the March 12, 2012, Assignment to Baltmark on behalf of Global CJSC.

Respectfully submitted,

Dated: August 14, 2013

_/s/ Kevin R. Garden_
Kevin R. Garden (VA Bar No. 30244)
kg@legal-counsels.com
Filipp Kofman (VA Bar No. 82302)
fk@legal-counsels.com
International Legal Counsels PC
901 N. Pitt St., Suite 325
Alexandria, VA 22314
Telephone:    (703) 535-5565
Fax:          (202) 318-0723
_Attorneys for Plaintiff ZAO Odessky_
Konjatschnyi Zawod

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| **Thomas Leo Appler**<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>8444 Westpark Dr., Suite 510<br>McLean, VA 22102<br>(703) 245-9300<br>Email: Thomas.Appler@wilsonelser.com | **Andrew Clark Hall**<br>Wilson Elser Moskowitz Edelman & Dicker LLP (McLean)<br>8444 Westpark Dr., Suite 510<br>McLean, VA 22102<br>703-245-9300<br>Fax: 703-245-9301<br>Email: andrew.hall@wilsonelser.com |

Respectfully submitted,

*/s/ Kevin R. Garden*
Kevin R. Garden (VA Bar No. 30244)
kg@legal-counsels.com
International Legal Counsels PC
901 N. Pitt St., Suite 325
Alexandria, VA 22314
Telephone:   (703) 535-5565
Fax:             (202) 318-0723
*Attorney for Plaintiff ZAO Odessky Konjatschnyi Zawod*

8