**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ZAO ODESSKY KONJATSCHNYI ZAWOD, a Ukrainian corporation, | |
| **Plaintiff,** | |
| v. | Civil Action No.  1:12-cv-515 |
| SIA "BALTMARK INVEST," a Latvian corporation, et al., | Hon. James C. Cacheris<br>Hon. Ivan D. Davis |
| **Defendants.** | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DISCOVERY**

For the fourth time, Defendant SIA "Baltmark Invest" ("Baltmark") has made a mockery of this Court's deadlines.  Defendant admits it failed to timely provide documents in response to Plaintiff's document requests, and instead sent them out on the very last day of discovery (long after this motion to compel was filed), precluding any deposition of its sole witness in this case. Defendant's opposition offers absolutely no discernible excuse for this prejudicial delay.  With no support, Defendant's counsel simply asserts that Defendant was being diligent.

Rather than file a dispositive motion based on Defendant's tactics, Plaintiff filed this motion to compel also seeking an extension of the discovery period because, even if Defendant belatedly provided the documents after this motion was filed, the Court would need to extend the discovery deadline to allow Plaintiff to prosecute its case as a result of Defendant's delay.  Given that Defendant has now finally provided responsive documents, Plaintiff seeks (1) an extension of the discovery deadline so that it can depose Defendant's sole owner and witness (with its only other option to file a dispositive motion due to Defendant's incredibly prejudicial delay) and (2)

its attorneys fees and costs for having had to file this motion. In the alternative, if the Court believes that Defendant's third failure to meet this Court' deadlines merits harsher sanctions, Plaintiff will certainly not be opposed to filing a motion for judgment to be entered in its favor due to Defendant's refusal to comply with its discovery obligations which has precluded Plaintiff from prosecuting its case.

The following chronology is not disputed by Defendant:

- Defendant's responsive documents were due July 25, 2013;

- Defendant failed to produce documents in a timely manner, offering no excuses for its delay;

- Plaintiff served a notice of deposition of Defendant's sole owner and officer on July 26, 2013 for a deposition to occur on August 7, 2013;

- Defendant did not oppose that notice of deposition, much less move to have it quashed, and in fact agreed to coordinate a time and place pursuant to the notice;

- Plaintiff filed this motion on August 2, 2013 after Defendant's counsel informed Plaintiff that it still had not received any documents from its client;

- Defendant did not finally produce any responsive documents until August 9, 2013, at which time it sent them out so that Plaintiff would receive them on August 12, 2013, three days after the discovery deadline;[1]

- Defendant's inexcusable delay prevented Plaintiff from deposing Defendant's sole owner and officer prior to the end of the discovery period.

---

[1] Incredibly, most if not all of the documents produced were part of the record in the USPTO proceeding below. Therefore, Defendant's counsel had them all along. Plaintiff sought additional documents, such as emails and correspondence, but not a single email or other correspondence was produced. If Plaintiff is permitted to depose Defendant's witness, Plaintiff believes her testimony will reveal that scores of responsive documents were not produced even in the belated document production.

2

This is a very clear instance of inexcusable and prejudicial delay by a party in complying with its discovery obligations. What makes matters worse, this is Defendant's fourth serious failure to comply with this Court's deadlines. *See* Order dated April 1, 2013 [ECF No. 58] (Defendant failed to filed a Notice of Appearance in compliance with comply with this Court's Order of Feb. 27, 2013) ("Defendant is cautioned that this Court's Orders are not suggestions to be followed at its discretion, but directions that shall be followed if Defendant does not want to face sanction, such as monetary fines or default judgment"); Order dated April 12, 2013 [ECF 60](finding that Defendant's failure to appear and show cause for its prior violation of the Court's Order justified a default motion); Order dated May 10, 2013 [ECF 69] (after Defendant filed an untimely opposition to the motion for default the day before the hearing, the Court imposed sanctions against Defendant to pay Plaintiff's attorneys fees due to Defendant's delay having requiring Court to request Plaintiff to file a motion for default judgment). After its prior violations, Defendant insisted it would comply with all future deadlines and, in each instance, the Court gave it another chance. Defendant apparently believes this Court's patience is endless.

In an irrelevant assertion, Defendant (for the very first time) suggests that Plaintiff's notice of deposition of Defendant's key witness was deficient, but cites no authority for this assertion. More notably, Defendant admits that it never opposed the notice, never moved to have it quashed and actually agreed to respond to it. Thus, Defendant has waived any objection to the notice.

In another irrelevant assertion, Defendant complains that Plaintiff did not respond to Defendant's admittedly belated document requests which were served less than 30 days prior to the discovery deadline. Notably, Defendant never filed a motion to compel because Defendant knew that its requests were fatally flawed due to its, once again, inexcusable failure to issue

3

those requests in a timely manner. If anything, these delinquent document requests demonstrate that even Defendant's counsel is not concerned with this Court's deadlines.

Plaintiff believes it has been more than patient and reasonable with Defendant. However, Plaintiff cannot allow Defendant's consistently delinquent conduct to prejudice Plaintiff's ability to prosecute its case. For the reasons set forth above, Plaintiff respectfully requests that the Court grant an extension of the discovery period solely for the purpose of allowing Plaintiff to depose Defendant's key witness. Due to the extensive preparations needed for a deposition in Eastern Europe and Plaintiff's counsel's prior obligations, the earliest Plaintiff can attend the deposition in person is August 29, 2013.[2] Therefore, Plaintiff requests an extension of the discovery period until Friday, August 30, 2013 to allow for this deposition. However, if the Court believes that a discovery extension should not be granted due to Defendant's repeated violations but instead Defendant's failures justify further sanctions against it, Plaintiff would not oppose filing a motion for judgment on that basis. In addition, because Defendant's actions were the sole and inexcusable cause for this motion, Plaintiff seeks its attorneys fees and costs associated with filing this motion.

                                                          Respectfully submitted,

Dated: August 14, 2013                 */s/ Kevin R. Garden*
                                                      Kevin R. Garden (VA Bar No. 30244)
                                                       kg@legal-counsels.com
                                                      Filipp Kofman (VA Bar No. 82302)
                                                      fk@legal-counsels.com
                                                      International Legal Counsels PC
                                                      901 N. Pitt St., Suite 325
                                                      Alexandria, VA 22314
                                                      Telephone:   (703) 535-5565

---

[2] Plaintiff's counsel had arranged its schedule based on the deposition occurring in early August. Moreover, Plaintiff is concerned that a telephonic deposition will be ineffective given the need for an interpreter and clear communications, which are uncertain via telephone connections to East European countries.

        Fax:        (202) 318-0723
*Attorneys for Plaintiff ZAO Odessky*
Konjatschnyi Zawod

Case 1:12-cv-00515-JCC-IDD Document 110 Filed 08/14/13 Page 5 of 6 PageID# 1145

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 14, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| **Thomas Leo Appler** | **Andrew Clark Hall** |
|---|---|
| Wilson Elser Moskowitz Edelman & Dicker LLP | Wilson Elser Moskowitz Edelman & Dicker LLP (McLean) |
| 8444 Westpark Dr., Suite 510 | 8444 Westpark Dr., Suite 510 |
| McLean, VA 22102 | McLean, VA 22102 |
| (703) 245-9300 | 703-245-9300 |
| Email: Thomas.Appler@wilsonelser.com | Fax: 703-245-9301 |
| | Email: andrew.hall@wilsonelser.com |

                                                  Respectfully submitted,

                                                  */s/ Kevin R. Garden*
                                                  Kevin R. Garden (VA Bar No. 30244)
                                                 kg@legal-counsels.com
                                                 International Legal Counsels PC
                                                 901 N. Pitt St., Suite 325
                                                 Alexandria, VA 22314
                                                 Telephone:   (703) 535-5565
                                                 Fax:         (202) 318-0723
                                                 *Attorney for Plaintiff ZAO Odessky Konjatschnyi Zawod*