**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

|  |  |
|---|---|
| **ZAO ODESSKY KONJATSCHNYI**<br>    **ZAWOD, a Ukrainian corporation,**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**SIA "BALTMARK INVEST," a Latvian**<br>    **corporation,**<br><br>**GLOBAL CLOSED JOINT STOCK**<br>    **COMPANY, a Russian closed joint-stock**<br>    **company, and**<br><br>**ZAO "GRUPPA PREDPRIYATIJ OST," a**<br>    **Russian closed joint-stock company,**<br><br>    **Defendants.** | **District Judge James C. Cacheris**<br>**Magistrate Judge Ivan D. Davis**<br><br><br><br>**Civil Action No.: 1:12-cv-515** |

<u>**DEFENDANT SIA "BALTMARK INVEST"'S MEMORANDUM IN SUPPORT OF**</u>
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

Defendant SIA "Baltmark Invest," (hereafter "Baltmark"), by counsel, hereby moves this

Court for entry of an order granting its Motion for Summary Judgment ("Motion") as to:

(1) Count III ("Cancellation of Registration No. 2885912 Based On Abandonment") of

Plaintiff's Complaint.

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF UNDISPUTED FACTS .......................................................... 3

III. ARGUMENT ..................................................................................................... 8

  A.  Summary Judgment Standard ......................................................................... 8

  B.  Defendant Baltmark Is Entitled to Summary Judgment on Counts II and III of the

  Complaint ....................................................................................................... 9

    1.   The TTAB ruled that Plaintiff's abandonment claim was a compulsory counterclaim

    that was not timely alleged; the claim is now therefore barred ............................ 10

IV.  CONCLUSION .................................................................................................. 16

## **TABLE OF AUTHORITIES**

**Cases**

*Allied Mills, Inc. v. Kal Kan Foods, Inc.*, 203 U.S.P.Q. 390 (T.T.A.B. 1979) ............................ 10

*Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ........... 8

*Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 (U.S. 1974) .................................................. 9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................ 8

*Cherry-Burrell Corp. v. Coe*, 79 U.S. App. D.C. 124, 143 F.2d 372, 1944 Dec. Comm'r Pat. 74

   (D.C. Cir. 1944) .......................................................................................................... 12

*Delta Tire Corp. v. Sports Car Club of Am., Inc.*, 185 U.S.P.Q. 443 (T.T.A.B. 1975) ................ 10

*Donut Shops Management Corp. v. Mace*, 209 U.S.P.Q. 615 (T.T.A.B. 1981) ........................... 10

*Dow Chem. Co. v. Melton Corp.*, 281 F.2d 292, 297 (4th Cir. 1960) ............................................ 9

*Gold Seal Co. v. Weeks*, 129 F. Supp. 928 (D.D.C. 1955) .......................................................... 11

*Knorr-Nahrmittel Akg. v. Havland Int'l, Inc.*, 206 U.S.P.Q. 827 (T.T.A.B. 1980) ...................... 10

*Lantech, Inc. v. Mossinghoff*, 1985 U.S. Dist. LEXIS 12960, 5-7 (W.D. Ky. Dec. 10, 1985) ..... 12

*Lucke v. Coe*, 69 F.2d 379, 1934 Dec. Comm'r Pat. 44 (D.C. Cir. 1934) .................................... 11

*Mitchell Cosmetics Sarl v. Pramil S.R.L. (Esapharma)*, 2005 U.S. Dist. LEXIS 18915, 6-7

   (D.D.C. Aug. 29, 2005) .............................................................................................. 11

*Nike, Inc. v. Nikepal Int'l, Inc.*, 2007 U.S. Dist. LEXIS 16966 (E.D. Cal. Feb. 27, 2007) ........... 12

*Otto Wolff Handelsgesellschaft, mbH v. Sheridan Transp.*, 800 F. Supp. 1359, 1361 (E.D. Va.

   1992) ........................................................................................................................... 8

*Outdoor Sports Ind., Inc. v. Joseph & Feiss Co.*, 177 U.S.P.Q. 535 (T.T.A.B. 1973) ................ 10

*Skippy, Inc. v. Lipton Invs., Inc.*, 345 F. Supp. 2d 585, 588 (E.D. Va. 2002) .............................. 12

*Smith Int'l, Inc. v. Olin Co*rp., 209 U.S.P.Q. 1033 (T.T.A.B. 1981) ............................................ 10

*Sprinklets Water Ctr., Inc. v. McKesson Corp.*, 806 F. Supp. 656, 662-63 (E.D. Mich. 1992) ... 10

*Static Control Components, Inc. v. Dallas Semiconductor Corp.*, 2003 U.S. Dist. LEXIS 12313

   (M.D.N.C. July 9, 2003) ............................................................................................. 9

*Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.*, 763 F.2d 604, 610 (4th Cir. 1985) .......... 8

*Tony Lama Co. v. DiStefano*, 206 U.S.P.Q. 176 (T.T.A.B. 1980) ................................................. 10

*Vitaline Corp. v. General Mills, Inc.*, 891 F.2d 273 (Fed. Cir. 1989) ......................................... 15

*Wilson Jones Co. v Gilbert & Bennett Mfg. Co.* 332 F.2d 216, 218 (2d Cir.1964) ...................... 11

## Rules

Fed. R. Civ. p. 13(a) ............................................................................................................. 9, 13

Fed. R. Civ. P. 56(a) ................................................................................................................. 8

Trademark Rule 2.106(b)(2)(i) ................................................................................................ 10

## Treatises

3-9 *Gilson on Trademarks* § 9.02 ............................................................................................ 10

4 *McCarthy on Trademarks and Unfair Competition Section* § 20:23 (4th ed.) ............................ 9

## I.      INTRODUCTION

This is an appeal from the decision of the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO"), in Opposition No. 91161570 and Cancellation No. 92047126 (these proceedings were consolidated, and will hereafter be collectively referred to as "Opp. No. 91161570" or "the TTAB Proceeding").   In the TTAB Proceeding, Defendant OST opposed Plaintiff's trademark application for the trademark SHUSTOFF, alleging priority of use and a likelihood of confusion.   Plaintiff petitioned to cancel Defendant OST's trademark registration for SHUSTOV AND DESIGN ("Defendant's Mark") based on bad faith, and alleging fraud on the USPTO.

This matter was fully litigated by the Parties, and a decision was rendered by the TTAB on February 8, 2012.   See Board's Decision Sustaining Opp. No. 91161570, TTAB Docket No. 126, p. 2 (hereafter "Board's Dec."), attached hereto as Exhibit A, and made part of this record by the Court's Order dated August 20, 2013.   In its decision, the TTAB ruled that:

1) Defendant OST did not commit a fraud on the USPTO: "Based on the evidence of record we find that [OST] had a bona fide intent to use the mark on each of the alcoholic beverages at the time it filed its application and amendment to the identification of goods, and, as such the statement as to its intent was not false … Further, assuming arguendo that the statement was false … Odessky has not met its burden of proof to establish that such false statement was done with an intent to deceive. As to the intent element, there is no direct evidence of intent and this record does not support an inference of willful intent" (Board's Dec., TTAB Docket No. 126, p. 26);

2) Plaintiff's claim that Defendant OST abandoned Defendant's Mark was a compulsory counterclaim and was not timely raised, and Plaintiff was therefore barred from asserting it:

"Odessky did not promptly file its motion to amend to add a compulsory counterclaim . . . In view thereof, Odessky's motion to amend the pleading to assert a claim of abandonment is denied." (Board's Dec., TTAB Docket No. 126, p. 30, 33);

3) Defendant OST had priority of use of the mark SHUSTOV: "Because [OST] has made its registration of record and has shown that the registration is valid and subsisting and owned by [OST], [OST] has established its standing to oppose Odessky's application for the mark SHUSTOFF and priority is not in issue." (Board's Dec., TTAB Docket No. 126, p. 34); and

4) There was a likelihood of confusion between the Parties' marks as used on their respective goods: "[W]e conclude that because the marks are similar, the goods identical and there is a presumed overlap in the channels of trade and classes of purchasers, there is a likelihood of confusion. In view thereof, and because [OST]'s priority is not in issue, [OST] has proven its claim under Section 2(d) of the Trademark Act."

Plaintiff alleges in Count III of its Complaint that Defendant's Mark has been abandoned, and as a result Defendant's trademark registration should be cancelled.  Plaintiff alleges that none of the Defendants had ever used Defendant's Mark in commerce, that Defendant's Mark was not properly assigned, and that Defendant's Mark has therefore been abandoned.

Despite the TTAB's binding decision that Plaintiff was barred from bringing a claim for abandonment, Plaintiff improperly re-alleges that claim in this case.  Because Count III of Plaintiff's Complaint is violative of the compulsory counterclaim rule, and is barred, Defendant Baltmark is entitled to summary judgment on those Counts.

## II.      STATEMENT OF UNDISPUTED FACTS

1.      Plaintiff ZAO Odessky Konjatschnyi Zawod ("Odessky") is a Ukrainian corporation with it principal places of business located at 13 Melniskaja, Odessa, 65005 Ukraine. (Joint Stipulation of Undisputed Facts, ¶ 1, Dkt.. No. 107).

2.      Defendant SIA "Baltmark Invest" ("Baltmark") is a Latvian corporation with its principal place of business located at 29-5 Skolas St., Riga, Latvia, LS 1048. (Joint Stipulation of Undisputed Facts, ¶ 2, Dkt. No. 107).

3.      Defendant Global Closed Joint Stock Company ("Global CJSC") is a Russian closed joint-stock company with its principal place of business located at 5 Ippodromnaya St., Tambov, Russian Federation 392028. (Joint Stipulation of Undisputed Facts, ¶ 3, Dkt. No. 107).

4.      Defendant ZAO "Gruppa Predpriyatij Ost" ("OST") was a Russian closed joint-stock company with its principal place of business located at p. Chernogolovka, ul. Trety proyezd, d. 16, 142 432 Moskovskaya obl., Noginsky rayon, Russian Federation. (Joint Stipulation of Undisputed Facts, ¶ 4, Dkt. No. 107).

5.      On December 12, 2002, Defendant OST filed a trademark application in the Russian Federation, Application No. 2002731063, to register the printed word "SHUSTOV" displayed on a bell-shaped design. (Joint Stipulation of Undisputed Facts, ¶ 6, Dkt. No. 107).

6.      The printed word "SHUSTOV" displayed on a bell-shaped design was registered to Defendant OST in the Russian Federation as Certificate No. 240948 on March 21, 2003, for use in connection with: alcoholic beverages; alcoholic beverages comprising fruits; spirits; honey drink; peppermint nastoyka; sake; rice spirit; gin; rum; bitter nastoyka; liqueurs;

whiskey; brandy; aperitifs included in class 33; and vodka. (Joint Stipulation of Undisputed Facts, ¶ 7, Dkt. No. 107).

7.     On April 22, 2003, Plaintiff Odessky filed U.S. Application Serial No. 78/240612 to register on the Principal Register of the USPTO, the SHUSTOFF MARK, IN TYPED FORM, for alcoholic beverages (except beers); aperitifs; distilled liquors; spirits; wines; whisky; vodka; gin; cocktails; liqueurs; distilled beverages; bitters (schnapps and liqueurs); rum; liqueurs and spirits (digestives); alcoholic extracts. (Joint Stipulation of Undisputed Facts, ¶ 5, Dkt. No. 107; Board's Dec., TTAB Docket No. 126, p. 2).

8.     On May 23, 2003, Defendant OST filed U.S. Application Serial No. 76/519958 for the mark SHUSTOV AND DESIGN, based on its Russian registration, and alleged an intent to use the mark in commerce, pursuant to Section 44(e) of the Lanham Act, 15 U.S.C. § 1126(d), on or in connection with: alcoholic beverages; alcoholic beverages comprising fruits; spirits; honey drink; peppermint nastoyka; sake; rice spirit; gin; rum; bitter nastoyka; liqueurs; whiskey; brandy; aperitifs; and vodka. (Joint Stipulation of Undisputed Facts, ¶ 8, Dkt. No. 107; Board's Dec., TTAB Docket No. 126, p. 3).

9.     Pursuant to Section 44(e), Defendant OST, through its duly authorized representatives, alleged in U.S. Application Serial No. 76/519958 that it had a bona fide intention to use the SHUSTOV mark in commerce in the United States on or in connection with alcoholic beverages; alcoholic beverages comprising fruits; spirits; honey drink; peppermint nastoyka; sake; rice spirit; gin; rum; bitter nastoyka; liqueurs; whiskey; brandy; aperitifs; and vodka. (Joint Stipulation of Undisputed Facts, ¶ 9, Dkt. No. 107).

10.     On July 28, 2004, Defendant OST filed its Notice of Opposition, which was instituted as Opposition No. 91161570, to Odessky's registration of the SHUSTOFF trademark

in U.S. Application Serial No. 78/240612 on the grounds of priority and likelihood of confusion with Defendant OST's then pending SHUSTOV mark and design in U.S. Application Serial No. 76/519958. (Joint Stipulation of Undisputed Facts, ¶ 16, Dkt. No. 107; Board's Dec., TTAB Docket No. 126, p. 2).

11.     On September 21, 2004, Defendant's Mark was registered to Defendant OST as U.S. Registration No. 2,885,912. (Joint Stipulation of Undisputed Facts, ¶ 14, Dkt. No. 107; Board's Dec., TTAB Docket No. 126, p. 3).

12.     On February 22, 2007, Odessky filed a Petition for Cancellation of U.S. Registration No. 2885912, which was instituted as Cancellation No. 92047126, alleging that Defendant OST acted in bad faith because it did not own the SHUSTOV mark, and that Defendant OST had committed fraud in obtaining U.S. Registration No. 2885912 because it did not have a bona fide intent to use the SHUSTOV mark on any product except vodka. (Joint Stipulation of Undisputed Facts, ¶ 22, Dkt. No. 107; Board's Dec., TTAB Docket No. 126, p. 3-4).

13.     On November 9, 2007, Opposition No. 91161570 and Cancellation No. 92047126 were consolidated. (Joint Stipulation of Undisputed Facts, ¶ 23, Dkt. No. 107; Board's Dec., TTAB Docket No. 126, p. 4).

14.     On February 16, 2010, during its extended rebuttal trial period, Odessky filed a motion to amend its answer/amended answer or counterclaim to allege that Defendant OST abandoned U.S. Registration No. 2885912 due to Defendant OST's nonuse of the SHUSTOV trademark, and in particular, Defendant OST's nonuse of the SHUSTOV trademark on any alcohol product other than vodka. (Joint Stipulation of Undisputed Facts, ¶ 26, Dkt. No. 107; Board's Dec., TTAB Docket No. 126, p. 26).

15.     On February 8, 2012, the TTAB issued a decision dismissing Odessky's petition for cancellation of U.S. Registration No. 2885912, and sustaining Defendant OST's opposition to U.S. Application Serial No. 78/240612 for registration of the SHUSTOFF mark. (Joint Stipulation of Undisputed Facts, ¶ 28, Dkt. No. 107; Board's Dec., TTAB Docket No. 126).

16.     On February 8, 2012, as part of its decision dismissing Odessky's petition for cancellation of U.S. Registration No. 2885912, and sustaining Defendant OST's opposition to U.S. Application Serial No. 78/240612 for registration of the SHUSTOFF mark, the TTAB denied Odessky's motion to amend its answer/amended answer or counterclaim to allege abandonment, ruling that Odessky did not promptly file its motion to amend to add its compulsory counterclaim for abandonment. (Joint Stipulation of Undisputed Facts, ¶ 27, Dkt. No. 107; Board's Dec., TTAB Docket No. 126, p. 26-34).

17.     On July 30, 2010, Defendant OST merged with ZAO "GEOCOM" and was recognized and registered with the Principal State Registration Number 1106829004743 on the Russian Federation Unified State Register of Legal Entities as Global Closed Joint Stock Company or Global CJSC ("Defendant Global"). (Joint Stipulation of Undisputed Facts, ¶ 31, Dkt. No. 107).

18.     Once registered, to maintain U.S. Registration No. 2885912, Defendant OST was required to file between the fifth and sixth year after the registration a verified statement of ownership and continued use of U.S. Registration No. 2885912. (Joint Stipulation of Undisputed Facts, ¶ 32, Dkt. No. 107).

19.     On March 24, 2011, Elena Sorokina submitted a Declaration of Use and Excusable Nonuse of Mark in Commerce under Section 8 for U.S. Registration No. 2885912. (Joint Stipulation of Undisputed Facts, ¶ 33, Dkt. No. 107).

20.     On April 13, 2011, upon receipt of Defendant OST's March 24, 2011, Declaration of Use and Excusable Nonuse, the USPTO issued an Office Action seeking, *inter alia*, information regarding the date of Defendant OST's last use of U.S. Registration No. 2885912, the steps being taken to resume use, and the approximate date when use was expected to resume. (Joint Stipulation of Undisputed Facts, ¶ 34, Dkt. No. 107).

21.     Defendant OST responded to the Office Action on October 13, 2011, stating the following facts in support of excusable non-use: (1) U.S. litigation over Registrant's ownership of and right to use the mark which still continues and has been ongoing for the past 7 years; (2) the recent governmental shutdown of Registrant's manufacturing facilities due to new Russian government regulations; and (3) Registrant's continuing efforts despite these obstacles to make use of the mark in the United States on the goods listed in the registration. (Joint Stipulation of Undisputed Facts, ¶ 35, Dkt. No. 107).

22.     On October 19, 2011, the USPTO issued a Notice Of Acceptance Under Section 8, stating: "The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058.  The Section 8 declaration is accepted." (Joint Stipulation of Undisputed Facts, ¶ 36, Dkt. No. 107).

23.     On March 15, 2012, Defendant OST filed a new assignment, effective as of July 30, 2010, conveying U.S. Registration No. 2885912 to Defendant Global CJSC, identifying the July 30, 2010, merger as the "Nature of the Conveyance," and attaching Principal State Registration Number 1106829004743. (Joint Stipulation of Undisputed Facts, ¶ 37, Dkt. No. 107).

24.     On March 15, 2012, the same date on which Defendant OST filed its assignment referred to above, Defendant Global CJSC filed a new assignment, effective March 12, 2012,

to convey U.S. Registration No. 2885912 to Defendant Baltmark, identifying an assignment of the entire interest and the goodwill of U.S. Registration No. 2885912 as the "Nature of the Conveyance," and attaching a March 12, 2012, assignment executed by Elena Sorokina. (Joint Stipulation of Undisputed Facts, ¶ 38, Dkt. No. 107).

## III.   ARGUMENT

### A.  Summary Judgment Standard

The standard for deciding motions for summary judgment under Federal Rule of Civil Procedure 56 is well established. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Summary judgment is not a "disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex* at 327.

A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Id*.  In deciding a summary judgment motion, the Court must view the record as a whole and in the light most favorable to the nonmovant. *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc*., 763 F.2d 604, 610 (4th Cir. 1985).

On a motion for summary judgment, the "movant need not negate his opponent's case; he need only disclose the absence of evidence to support that case." *Otto Wolff Handelsgesellschaft, mbH v. Sheridan Transp*., 800 F. Supp. 1359, 1361 (E.D. Va. 1992) (citations omitted).

As demonstrated herein and according to the undisputed facts, Plaintiff's claims in Count III of its Complaint are barred as a matter of law.  Accordingly, Defendant Baltmark is entitled to summary judgment on that claim.

### B.  Defendant Baltmark Is Entitled to Summary Judgment on Counts III of the Complaint

Defendant Baltmark is entitled to summary judgment on Count III of Plaintiff's Complaint, as that claim is and was a compulsory counterclaim, which should have been raised early on in the TTAB Proceeding.  As the TTAB conclusively decided in its February 8, 2012 decision, Plaintiff did not timely raise this claim in the TTAB Proceeding.  Plaintiff is therefore barred from doing so now.

The compulsory counterclaim rule, Federal Rule of Civil Procedure 13(a), provides that:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed. R. Civ. p. 13(a).  A counterclaim which is compulsory but is not brought is thereafter barred. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 (U.S. 1974); see also *Static Control Components, Inc. v. Dallas Semiconductor Corp.*, 2003 U.S. Dist. LEXIS 12313 (M.D.N.C. July 9, 2003)("If a defendant has a claim against a plaintiff that arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the defendant, the defendant must assert the claim as a counterclaim or it is forever barred." citing *Dow Chem. Co. v. Melton Corp.*, 281 F.2d 292, 297 (4th Cir. 1960)).

Failure to observe the compulsory counterclaim rule in a TTAB proceeding also bars assertion of a validity challenge later asserted in federal court. 4 *McCarthy on Trademarks and Unfair Competition Section* § 20:23 (4th ed.).

Trademark Rule 2.106(b)(2)(i) provides as follows:

> A defense attacking the validity of any one or more of the registrations pleaded in the opposition shall be a compulsory counterclaim if grounds for such counterclaim exist at the time when the answer is filed. If grounds for a counterclaim are known to the applicant when the answer to the opposition is filed, the counterclaim shall be pleaded with or as part of the answer. If grounds for a counterclaim are learned during the course of the opposition proceeding, the counterclaim shall be pleaded promptly after the grounds therefor are learned.

The compulsory counterclaim rules are designed to foster judicial economy, are consistent with well-entrenched practice, and reflect the policy of Rule 13(a) of the Federal Rules, which requires as a compulsory counterclaim any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." 3-9 *Gilson on Trademarks* § 9.02 (citing See, *e.g.*, *Donut Shops Management Corp. v. Mace*, 209 U.S.P.Q. 615 (T.T.A.B. 1981); *Smith Int'l, Inc. v. Olin C*orp., 209 U.S.P.Q. 1033 (T.T.A.B. 1981); *Knorr-Nahrmittel Akg. v. Havland Int'l, Inc.*, 206 U.S.P.Q. 827 (T.T.A.B. 1980); *Tony Lama Co. v. DiStefano*, 206 U.S.P.Q. 176 (T.T.A.B. 1980); *Allied Mills, Inc. v. Kal Kan Foods, Inc.*, 203 U.S.P.Q. 390 (T.T.A.B. 1979); *Delta Tire Corp. v. Sports Car Club of Am., Inc.*, 185 U.S.P.Q. 443 (T.T.A.B. 1975) ; *Outdoor Sports Ind., Inc. v. Joseph & Feiss Co.*, 177 U.S.P.Q. 535 (T.T.A.B. 1973)).

1. **The TTAB ruled that Plaintiff's abandonment claim was a compulsory counterclaim that was not timely alleged; the claim is now therefore barred**

Plaintiff's assertion that Defendant's Mark was abandoned was a compulsory counterclaim under Rule 13(a) and under Rule 2.106(b)(2)(i). The TTAB made this clear ruling in its decision dated February 8, 2012. Accordingly, that claim is now waived, and Plaintiff is barred from bringing the claim before this Court. *Sprinklets Water Ctr., Inc. v. McKesson Corp.*, 806 F. Supp. 656, 662-63 (E.D. Mich. 1992). In *Sprinklets*, the District Court stated:

> In *Wells Fargo & Co. v. Stagecoach Properties, Inc.,* 685 F.2d 302 (9th Cir.1982), the Ninth Circuit stated that failing to raise an invalidity

<u>defense before the TTAB would likely bar any subsequent attempt to assert it</u>. *Id.* at 309 n. 8. Noting the compulsory counterclaim provision, the Court reasoned that it was indicative of a policy to avoid the proliferation of litigation when the continued existence of a mark is inextricably involved with another's right to obtain registration. *Id.* This policy, indeed, the compulsory counterclaim rule itself, would be contravened if a party was simply allowed to ignore it, preferring to take its chances with the district court. Thus, this Court holds that plaintiff's failure to raise its invalidity defenses before the TTAB bars it from now attempting to do the same. *Wilson Jones Co. v. Gilbert & Bennett Mfg. Co.,* 332 F.2d 216, 218 (2d Cir.1964) ("[A] party cannot raise an issue in the District Court that [it] has not raised in the Patent Office ..."). Defendant's motion for summary judgment regarding plaintiff's affirmative defenses five, six and seven is GRANTED.

*Sprinklets Water Ctr., Inc. v. McKesson Corp.,* 806 F. Supp. 656, 662-63 (E.D. Mich. 1992)(emphasis added).

In civil review of a TTAB decision in federal court, an appellant can present new evidence not presented in the TTAB, <u>but it cannot raise legal issues it did not raise below</u>. *Wilson Jones Co. v Gilbert & Bennett Mfg. Co.* 332 F.2d 216, 218 (2d Cir.1964). A party cannot raise an issue in the District Court that he has not raised in the TTAB. *Id.* The Court in *Wilson Jones* stated: "Since the issue of descriptiveness was not raised by the pleadings before the Patent Office, the appellant is not entitled to contest it before the District Court."

In *Mitchell Cosmetics Sarl v. Pramil S.R.L. (Esapharma)*, 2005 U.S. Dist. LEXIS 18915, 6-7 (D.D.C. Aug. 29, 2005), the defendant argued that a party cannot raise an issue in the District Court that was not raised in the Patent Office proceedings, relying on *Wilson Jones Co. v Gilbert & Bennett Mfg. Co.,* supra. The District Court in that case stated:

This case correctly represents the governing law in this Court on this issue. *Gold Seal Co. v. Weeks*, 129 F. Supp. 928 (D.D.C. 1955). In *Gold Seal*, the Court stated, "we are satisfied that Congress did not intend, by setting up review in this court, to transfer the functions of the Patent Office to the District Court. . . . We will not pass upon those claims which have not first been considered on the merits by the Patent Office." 129 F. Supp at 937(citing *Lucke v. Coe*, 69 F.2d 379, 1934 Dec. Comm'r Pat. 44

(D.C. Cir. 1934); *Cherry-Burrell Corp. v. Coe*, 79 U.S. App. D.C. 124, 143 F.2d 372, 1944 Dec. Comm'r Pat. 74 (D.C. Cir. 1944)). The Court agrees with defendant's argument.

The record of the proceedings before the TTAB shows that the issues of prohibited distribution, abandonment and wrongful withholding of cooperation in executing a joint ownership agreement were never plead nor addressed by the parties in their briefs and they are not mentioned in the TTAB's decision.

*Mitchell Cosmetics Sarl v. Pramil S.R.L. (Esapharma)*, 2005 U.S. Dist. LEXIS 18915, 6-7 (D.D.C. Aug. 29, 2005). The District Court then granted the defendant's motion for judgment on the pleadings and dismissed the action with prejudice.

See also *Nike, Inc. v. Nikepal Int'l, Inc.*, 2007 U.S. Dist. LEXIS 16966 (E.D. Cal. Feb. 27, 2007)("Accordingly, since the void ab initio and fraud on the PTO claims were not raised before the TTAB … Defendant's motion for summary judgment on the void ab initio claim is granted"); and *Lantech, Inc. v. Mossinghoff*, 1985 U.S. Dist. LEXIS 12960, 5-7 (W.D. Ky. Dec. 10, 1985)("After consideration of the applicable case law and in light of the undisputed facts herein, the motion of defendant to dismiss the secondary meaning allegations of the complaint will be granted. There is no dispute but that Lantech failed to raise the issue of secondary meaning at any stage of the proceedings with the Patent and Trademark Office").

That is precisely what Plaintiff is attempting to do in this case. Plaintiff is attempting to raise an issue, namely abandonment, in the District Court, when that issue was ruled as not timely raised below in the TTAB Proceeding. The TTAB refused to allow Plaintiff's abandonment claim based on their failure to timely allege it as a compulsory counterclaim; Plaintiff cannot do an end run around the TTAB's decision by asserting that claim now.

In the case of *Skippy, Inc. v. Lipton Invs., Inc.*, 345 F. Supp. 2d 585, 588 (E.D. Va. 2002), this Court stated:

Plaintiff's claim that Registration No. 504,940 was fraudulently obtained was required to be brought as a compulsory counterclaim in the TTAB opposition proceedings . . . Federal Rule of Civil Procedure 13(a) provides that:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed. R. Civ. p. 13(a) . . . Furthermore, Under Trademark Rule 2.106(2)(i), "[a] defense attacking the validity of any one or more of the registrations pleaded in the opposition [504,940 in this case] shall be a compulsory counterclaim if grounds for such counterclaim exist at the time when the answer is filed . . . If grounds for a counterclaim are learned during the course of the opposition proceeding, the counterclaim shall be pleaded promptly after the grounds therefor are learned." 37 C.F.R. § 2.106(b)(2)(i) . . . Accordingly, Plaintiff is barred from bringing the current cancellation proceeding based on its prior failure to assert such a claim in the 1986 trademark infringement litigation and 1982-87 opposition proceedings.

The same is true in the present matter. Plaintiff's Petition for Cancellation in the TTAB Proceeding below did not allege abandonment of Defendant's Mark. On February 16, 2010, during its extended rebuttal trial period, Odessky moved to add the claim of abandonment. The TTAB ruled that Plaintiff delayed too long to assert this claim, and that the claim of abandonment was not tried by consent. See Board's Decision, p. 26-33, TTAB Docket No. 126. Odessky's position was that its motion to amend was timely because it was made sufficiently soon after learning of new facts through the deposition of Natalia Rybina, taken on October 29, 2009. The Board found, however, that Odessky itself had investigated Defendant OST's use of SHUSTOV on vodka in April, 2009. The Board stated:

> In an untimely motion for summary judgment filed on April 3, 2009, Odessky states "[OST] has failed to make of record any evidence that it is using [SHUSTOV] on any goods. In an online search on the Internet database, [Odessky] found no use of [the SHUSTOV] mark by [GRUPPA]

on any goods . . . [and OST] . . . did not put in any evidence of actual use of the registered trademark on any goods." Id. pp. 7, 10 fn. 2. Given Odessky's statements in its April 3, 2009 motion, it is simply not plausible that the Rybina testimony in October 2009 presented "entirely new evidence" as to OST's use of the mark on vodka.

The Board then ruled on Plaintiff's motion:

> Based on these statements, it appears that Odessky had sufficient knowledge to plead an abandonment claim at least as early as April 3, 2009. Even assuming that Odessky did not have sufficient information to bring the abandonment claim on that date, and the information gleaned from the Rybina testimony was "newly discovered" evidence, the Rybina testimony was taken on October 29, 2009, and over three months elapsed before Odessky filed its motion to add the abandonment ground. Odessky's argument that the testimony transcript "was not certified until November 30, 2009" and "after reviewing the contents" of the deposition it promptly filed its motion to amend, on February 16, 2010, is not persuasive. Odessky was present at the October 29, 2009 deposition and was aware of the "newly discovered" evidence at that time. Further, even if we were to accept that Odessky was not aware of the contents of the testimony deposition until November 30, 2009 (and we do not accept this), Odessky still waited over two months from receiving the transcript to file its motion. In short, under the circumstances of this case, <u>Odessky did not promptly file its motion to amend to add a compulsory counterclaim</u>.
>
> In view thereof, Odessky's motion to amend the pleading to assert a claim of abandonment is <u>denied</u>. (emphasis added).

The Board went on to add:

> We add that this record does not support a claim of abandonment and amendment to add such a claim would, in any event, be futile. *Sunnen Products Co. v. Sunex International Inc*., 1 USPQ2d 1744, 1746 (TTAB 1987) (motion filed after close of trial to amend to add defense under Fed. R. Civ. 15(b) denied inasmuch as evidence in record does not support defense). Any nonuse of OST's mark pending the outcome of litigation to determine the right to such use constitutes excusable nonuse sufficient to overcome any inference of abandonment. *Penthouse International, Ltd. v. Dyn Electronics, Inc*., 196 USPQ 251 (TTAB 1977). In view of the defenses asserted in its January 11, 2005 answer to OST's July 28, 2004 notice of opposition, challenging OST's trademark rights in the SHUSTOV mark, the subsequent petition to cancel, filed on February 22, 2007, and the resulting cloud of uncertainty as to whether OST's rights in the mark would survive the proceedings, OST was justified in postponing its use of the mark pending the outcome of these proceedings.

The present set of circumstances is similar to those present in *Vitaline Corp. v. General Mills, Inc.*, 891 F.2d 273 (Fed. Cir. 1989).  In that case, the defendant sought "to relitigate the claim of non-use of General Mills' TOTAL 'pharmaceutical mark,' originally asserted as showing fraud, by asserting a new theory, abandonment." *Id*. at 275.  The Court ruled:

> General Mills  filed its Sections 8 and 15 affidavit and specimens seven months before Vitaline filed an answer in the first proceeding. Enough facts, therefore, existed and were known to Vitaline at the time Vitaline filed its answer in the original proceeding for it to allege a counterclaim of abandonment. Despite the clear requirements of the rule, it failed to do so.
>
> Vitaline argues, however, that it could not responsibly have alleged abandonment until after June of 1987 when the Miller deposition was taken. Even assuming, without deciding, that abandonment could not be pled until after the deposition, Vitaline apparently failed to comply with Trademark Rule 2.114(b)(2)(i) because the rule requires prompt pleading of a counterclaim once grounds for the counterclaim are learned. In this instance Vitaline waited approximately one year, until June of 1988, to file an abandonment claim.

*Vitaline Corp. v. General Mills, Inc.*, 891 F.2d 273, 276 (Fed. Cir. 1989).

Similar circumstances exist in this case.  As decided by the Board in the TTAB Proceeding, Odessky had sufficient knowledge to plead an abandonment claim at least as early as April 3, 2009.  The Rybina testimony was taken on October 29, 2009, and over three months elapsed before Odessky filed its motion to add the abandonment ground. Odessky did not promptly file its motion to amend to add a compulsory counterclaim.

Plaintiff is now attempting to re-assert its claim of abandonment at the appeal stage of this proceeding, contrary to the compulsory counterclaim rule, and in violation of Trademark Rule 2.106(b)(2)(i).  As decided by the TTAB, the grounds for Plaintiff's claim for abandonment were learned during the course of the TTAB Proceeding, but were not pleaded promptly after the grounds therefor were learned.  Plaintiff cannot raise the abandonment issue in the District Court

when it did not timely raise that issue in the TTAB. Plaintiff's failure to timely raise this invalidity defense before the TTAB therefore bars any subsequent attempt to assert it before this Court.

## IV.    CONCLUSION

Based on the above, Defendant Baltmark is entitled to summary judgment on Count III of Plaintiff's Complaint, as that claim was a compulsory counterclaim, and was not timely raised in the TTAB Proceeding. Plaintiff is therefore barred from asserting that claim now.

**WHEREFORE**, Defendant Baltmark respectfully requests that this Honorable Court grant its Motion for Summary Judgment.

Respectfully submitted,

Dated:  November 1, 2013                          **SIA "BALTMARK INVEST"**
                                                                      By Counsel

/s/ Andrew C. Hall
Thomas L. Appler (VSB #06346)
Andrew C. Hall (VSB #73001)
**WILSON ELSER MOSKOWITZ
    EDELMAN & DICKER LLP**
8444 Westpark Drive - Suite 510
McLean, Virginia  22102-5102
703.852.7789
703.245.9301 (Facsimile)
thomas.appler@wilsonelser.com
andrew.hall@wilsonelser.com

and

/s/ Anthony J. Davis
Anthony J. Davis (Pro Hac Vice)
**NICOLL DAVIS & SPINELLA LLP**
95 Route 17 South
Paramus, New Jersey 07652
201.712.1616
201.712.9444 (Facsimile)
ADavis@ndslaw.com

*Counsel for Defendant Sia "Baltmark
    Invest"*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 1st day November, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send an electronic notification to such filing (NEF) to all counsel of record in this matter.

/s/ Andrew C. Hall
Thomas L. Appler (VSB #06346)
Andrew C. Hall (VSB #73001)
**WILSON ELSER MOSKOWITZ
    EDELMAN & DICKER LLP**
8444 Westpark Drive - Suite 510
McLean, Virginia  22102-5102
703.852.7789
703.245.9301 (Facsimile)
thomas.appler@wilsonelser.com
andrew.hall@wilsonelser.com

and

/s/ Anthony J. Davis
Anthony J. Davis (Pro Hac Vice)
**NICOLL DAVIS & SPINELLA LLP**
95 Route 17 South
Paramus, New Jersey 07652
201.712.1616
201.712.9444 (Facsimile)
ADavis@ndslaw.com

*Counsel for Defendant Sia "Baltmark
    Invest"*