UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **ZAO ODESSKY KONJATSCHNYI ZAWOD,** a Ukrainian corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**SIA "BALTMARK INVEST,"** a Latvian corporation,<br><br>**GLOBAL CLOSED JOINT STOCK COMPANY,** a Russian closed joint-stock company, and<br><br>**ZAO "GRUPPA PREDPRIYATIJ OST,"** a Russian closed joint-stock company,<br><br>    Defendants. | **District Judge James C. Cacheris**<br>**Magistrate Judge Ivan D. Davis**<br><br><br>**Civil Action No. 1:12-cv-515** |

**DEFENDANT SIA "BALTMARK INVEST"'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF PLAINTIFF'S POST-TRIAL BRIEF**

Defendant SIA "Baltmark Invest" ("Baltmark") hereby moves to strike portions of Plaintiff ZAO Odessky Konjatschnyi Zawod's ("Plaintiff") Post-Trial Brief, namely the "Introduction," "Standard of Review," Paragraphs 37-38, 40, and 42-45 of Plaintiff's Proposed Findings of Fact, Plaintiff's Proposed Conclusions of Law, and Exhibits A through I. Plaintiff's Brief and attached Exhibits are improper, as it: 1) violates Fed. R. Civ. Proc. 44.1 because Plaintiff did not give reasonable notice of its intent to rely on foreign law; 2) it seeks to introduce new evidence that was not presented at or prior to trial; 3) the relevant Proposed Findings of Fact contain no citation to the trial transcript or trial exhibits, and are therefore not supported by the record; and 4) the Court never authorized the filing or submission of post-trial briefs.

452642.1

# **INTRODUCTION**

At the conclusion of the December 3, 2013, bench trial in this matter, the Parties were instructed by the Court to submit Proposed Findings of Fact and Conclusions of Law ten (10) days after receipt of the Trial Transcript. The intent of this deadline was to allow the parties to submit amended Proposed Findings of Fact and Conclusions of Law that accurately reflected and contained citations to the trial record.

On Dec. 19, 2013, Plaintiff submitted a document, which on PACER is titled: "Proposed Findings of Fact." However, the heading on the caption page of Plaintiff's document reads: "PLAINTIFF ZAO ODESSKY KONJATSCHNYI ZAWOD'S POST-TRIAL BRIEF." Plaintiff's improper submission appears to be a hybrid of the Court-required Proposed Findings of Fact and Conclusions of Law, and a post-trial brief, offered in an improper attempt to continue advancing legal arguments in favor of Plaintiff's trial position as well as an even more improper attempt to place new evidence, namely copies of foreign law, before the Court.

Paragraphs 37-38, 40, and 42-45 of Plaintiff's Proposed Findings of Fact contain no citations to the trial record, no citations to any trial exhibits, and no citation to any part of the record whatsoever.

In addition, as part of its Post-Trial Brief, Plaintiff attached nine (9) exhibits, which consisted of one copy of "Chapter 10, Article 183 of the Civil Code of the Russian Federation" (Plaintiff's Exhibit A), an "Information Letter of the Presidium of the Supreme Court of Arbitration of the Russian Federation" (Plaintiff's Exhibit C), a "Resolution of Plenum of the Supreme Court of the Russian Federation" (Plaintiff's Exhibit D), and various Russian case law (Plaintiff's Exhibits B, E-I). None of these exhibits were introduced at trial or referenced during the trial nor were they ever introduced prior to trial as part of any pre-trial motion papers.

**ARGUMENT**

*<u>Plaintiff's "Introduction," "Standard of Review," and Paragraphs 37-38, 40, and 42-45 of Plaintiff's Proposed Findings of Fact Are Improper and Should Be Stricken</u>*

Plaintiff's Post-Trial Brief includes an "Introduction," a "Standard of Review," and several "Proposed Findings of Fact" which offer no citation to the trial transcript, trial exhibits, or record of this case. Specifically, Paragraphs 37-38, 40, and 42-45 of Plaintiff's Proposed Findings of Fact contain no citations to the record. The Court specifically instructed the parties to submit Proposed Findings of Fact and Conclusions of Law which were to be based on the trial transcript. (Trial Transcript, p. 131, Ln. 22-25: "THE COURT: Then about ten days thereafter. Around the 20th, I get the proposed findings of fact and conclusions of law <u>based on the transcript</u>.")(emphasis added). Therefore, Plaintiff's attempt to offer findings of fact with no citation to the record, and which are therefore clearly not based on the trial transcript, is improper, and a violation of the Court's order.

In addition, the Court did not authorize or request post-trial briefs from the parties. The Court requested <u>only</u> Proposed Findings of Fact and Conclusions of Law. Plaintiff's Post-Trial Brief/Proposed Findings of Fact and Conclusions of Law includes, much like a brief, an "Introduction" and a "Standard of Review." Given that post-trial briefs were not authorized or requested by the Court, any portion of Plaintiff's Post-Trial Brief/Proposed Findings of Fact and Conclusions of Law which is in fact a brief is improper, and should be stricken and not considered by the Court.

Therefore, the "Introduction," "Standard of Review," and Paragraphs 37-38, 40, and 42-45 of Plaintiff's Proposed Findings of Fact in Plaintiff's Post-Trial Brief should be stricken and disregarded by the Court.

### *Plaintiff's Conclusions of Law and Exhibits A Through I Violate Fed. R. Civ. Proc. 44.1*

Plaintiff's Conclusions of Law and Exhibits A through I violate Fed. R. Civ. Proc. 44.1. Fed. R. Civ. Proc. 44.1 states: "A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." USCS Fed Rules Civ Proc R 44.1. See also *USGen New England, Inc. v. TransCanada Pipelines, Ltd. (In re USGen New England, Inc*.), 2007 Bankr. LEXIS 2820, 2007 WL 2363353 (Bankr. D. Md. 2007).

Plaintiff has the burden of providing reasonable notice of its intention to rely on foreign law. *Corrie v Caterpillar, Inc*. 403 F Supp 2d 1019 (W.D. Wash. 2005); *see also Pfizer, Inc. v. Teva Pharms. USA, Inc*., 803 F. Supp. 2d 409, 80 Fed. R. Serv. 3d (Callaghan) 966 (E.D. Va. 2011)("Federal Rule of Civil Procedure 44.1 requires that when a party intends to raise an issue of foreign law, that party "must give notice by a pleading or other writing." Fed. R Civ. P. 44.1. As Teva has raised the question of what "beneficial ownership" means under the laws of England, it was required to give such notice to the court and the opposing party, which it did not do in any pretrial pleading. See, e.g., Final Pretrial Order, Docket # 276 (failing even to raise the issue under English law in the final order governing trial issues)").

In the present case, Plaintiff provided no notice via pre-trial pleading of its intention to rely on specific Russian Civil Code or specific Russian case law. In fact, Plaintiff did not even provide such notice at the trial itself. Plaintiff's attempt to rely on foreign law post-trial in an improper and unauthorized post-trial brief, is unacceptable, and should not be considered by this Court.

The party claiming that foreign law applies carries both the burden of raising the issue that foreign law may apply in an action, and the burden of proving foreign law to be applied by the district court in the case. *Indura S.A. v. Engineered Controls Int'l Inc*., 2011 U.S. Dist.

LEXIS 99118, 85, 2011 WL 3862083 (M.D.N.C. 2011)("Accordingly, even if the particular issue as to which Plaintiff Indura seeks application of Chilean law bears great significance to the case, on balance, Plaintiff Indura's notice would not qualify as reasonable in light of the factors identified in the Advisory Committee Notes to Federal Rule of Civil Procedure 44.1.")  Plaintiff in this case has failed to sustain both burdens.  Plaintiff failed to timely raise the issue that the specific Russian law attached to its post-trial brief applies in this action, and has further failed to *prove* the applicability of said Russian law in this case.  In fact, quite the opposite: it appears in this matter that Plaintiff is attempting to do an end run around its duty to prove its attached Russian law applies in this case, specifically by waiting until now to submit copies of the law, thereby denying Baltmark the ability to research and argue any position to the contrary.

       The purpose of the notice requirement in Rule 44.1 is to avoid surprise. *Hodson v. A. H. Robins Co.*, 528 F. Supp. 809, 1981 U.S. Dist. LEXIS 9952, 33 Fed. R. Serv. 2d (Callaghan) 307 (E.D. Va. 1981); *see also Grice v A/S J. Ludwig Mowinckels* 477 F Supp 365 (S.D. Ala. 1979).  Plaintiff has flagrantly violated this rule and surprised both Baltmark and the Court with its improper attempt to introduce a plethora of Russian law that Plaintiff never introduced or referred to during or before trial.  Contrary to the Rule, Plaintiff failed to provide any reasonable notice that it intended to rely on specific sections of the Civil Code of the Russian Federation or specific Russian case law.  The Extract from the Civil Code of the Russian Federation, and the various Russian Case law that Plaintiff attached to its post-trial brief, were never introduced during or preceding trial.  Baltmark clearly had no prior notice that Plaintiff intended to rely on these specific Russian statutes and case law.  Introducing the law of a foreign country post-trial and without prior notice is highly prejudicial to Baltmark.  Plaintiff could have easily submitted

452642.1                                    5

these additional Russian laws and case decisions, either as exhibits at trial, as part of their pre-trial motion papers. Plaintiff failed to do so.

In view of Plaintiff's flagrant and obvious disregard of Rule 44.1 of the Federal Rules of Civil Procedure, Plaintiff's Conclusions of Law and Exhibits A through I of its Post-Trial Brief should be stricken and disregarded by the Court.

### *Plaintiff's Post-Trial Brief Was Not Authorized By This Court and Improperly Attempts to Introduce New Evidence*

Plaintiff's "Introduction," "Standard of Review," Paragraphs 37-38, 40, and 42-45 of Plaintiff's Proposed Findings of Fact, Plaintiff's Proposed Conclusions of Law, and Exhibits A through I of Plaintiff's Post-Trial Brief should be stricken and disregarded by the Court, as a post-trial brief was not authorized by the Court, either during the pre-trial conference, in the Court's Scheduling Order, or during the trial itself. Furthermore, Plaintiff has not properly moved this Court for leave to file such a post-trial brief (a motion which Baltmark would likewise vigorously oppose as being improper).

Plaintiff's Post-Trial Brief also improperly attempts to introduce new evidence. *See O'Toole v. Northrop Grumman Corp.*, 364 Fed. Appx. 472, 478, 2010 U.S. App. LEXIS 2469 (10th Cir. 2010). In that case, the 10th Circuit Court of Appeals concluded that the district court did not abuse its discretion in refusing to consider new evidence attached to a post-trial brief. *See also Dover Elevator Sys. v. USW*, 1998 U.S. Dist. LEXIS 12063, 6, 160 L.R.R.M. 2720 (N.D. Miss. July 1, 1998)("the presentation of new evidence *ex parte* with the post-hearing brief violates all semblance of fair play.")

In *Romeo v. Sherry*, 308 F. Supp. 2d 128, 140 (E.D.N.Y. 2004), the court refused to consider new evidence contained in a post-trial briefing where "[t]he lack of diligence by [movant's] counsel in pursuing this evidence and bringing it to the court's attention in a timely

fashion was the result of his own actions (or inaction)." *Id*. The same is true in this case. Plaintiff has shown an incredible lack of diligence in pursuing the Russian statutes or case law that allegedly support Plaintiff's arguments, and failing to bring this evidence to the Court's attention during or preceding the trial. Furthermore, Plaintiff offers no explanation whatsoever as to why the Russian statutes or case law attached to Plaintiff's post-trial brief were not submitted at trial or as part of Plaintiff's pre-trial motions. To attempt to submit this new evidence now, post-trial, is highly improper and should not be permitted.

In *Jimlar Corp. v. United States*, 10 C.I.T. 671, 672, 647 F. Supp. 932 (Ct. Int'l Trade 1986), the defendant moved for an order to strike the plaintiff's post-trial brief, since it contained references to affidavits that were not introduced into evidence at the trial. The Court stated: "The affidavit of James Tarica, however, was not introduced into evidence, nor was it referred to in the testimony of any of the witnesses. Therefore, references to that affidavit in plaintiff's post-trial brief are improper." *Id*.

The same is true in the present case. None of the Russian statutes or case law attached to Plaintiff's post-trial brief were introduced into evidence at or prior to trial. Likewise, none of the Russian statutes or case law attached to Plaintiff's post-trial brief were referenced in the testimony of any witnesses (in fact, Plaintiff did not call any witnesses other than Baltmark's owner, Elena Sorokina, much less expert witnesses on Russian law).

## CONCLUSION

In sum, portions of Plaintiff's Post-Trial Brief, namely the "Introduction," "Standard of Review," Paragraphs 37-38, 40, and 42-45 of Plaintiff's Proposed Findings of Fact, Plaintiff's Proposed Conclusions of Law, and Exhibits A through I are improper, as: 1) it violates Fed. R. Civ. Proc. 44.1 because Plaintiff did not give reasonable notice of its intent to rely on foreign

law; 2) it seeks to introduce new evidence that was not presented at or prior to trial; 3) the relevant Proposed Findings of Fact contain no citation to the trial transcript or trial exhibits, and are therefore not supported by the record; and 4) the Court never authorized the filing or submission of post-trial briefs.  Plaintiff's Post-Trial Brief is therefore improper and should be stricken and disregarded by the Court.

Dated:  December 27, 2013                                Respectfully submitted,

**SIA "BALTMARK INVEST"**
By Counsel


 /s/ Andrew C. Hall
Thomas L. Appler (VSB #06346)
Andrew C. Hall (VSB #73001)
**WILSON ELSER MOSKOWITZ
   EDELMAN & DICKER LLP**
8444 Westpark Drive - Suite 510
McLean, Virginia 22102-5102
703.852.7789
703.245.9301 (Facsimile)
Thomas.Appler@wilsonelser.com
Andrew.Hall@wilsonelser.com

and

 /s/ Anthony J. Davis
Anthony J. Davis (Pro Hac Vice)
**NICOLL DAVIS & SPINELLA LLP**
95 Route 17 South
Paramus, New Jersey 07652
201.712.1616
201.712-9444 (Facsimile)
ADavis@ndslaw.com

*Counsel for SIA "Baltmark Invest"*

452642.1                                                                8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 27th day December 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send an electronic notification to such filing (NEF) to all counsel of record in this matter.

/s/ Andrew C. Hall
Thomas L. Appler (VSB #06346)
Andrew C. Hall (VSB #73001)
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
8444 Westpark Drive - Suite 510
McLean, Virginia 22102-5102
703.852.7789
703.245.9301 (Facsimile)
Thomas.Appler@wilsonelser.com
Andrew.Hall@wilsonelser.com

and

/s/ Anthony J. Davis
Anthony J. Davis (Pro Hac Vice)
**NICOLL DAVIS & SPINELLA LLP**
95 Route 17 South
Paramus, New Jersey 07652
201.712.1616
201.712-9444 (Facsimile)
ADavis@ndslaw.com

*Counsel for SIA "Baltmark Invest"*